UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Lazaro Despaigne Borrero,

        Defendant.

Criminal No. 03-281 (JNE)
Civil No. 08-1160 (JNE)
ORDER

A jury found Lazaro Despaigne Borrero guilty of possessing cocaine base (crack) with intent to distribute, and the Court sentenced him to 262 months' imprisonment. Borrero appealed, and the Eighth Circuit remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005) (holding sentencing guidelines to be advisory). *United States v. Borrero*, 149 F. App'x 573 (8th Cir. 2005) (per curiam). On remand, the Court sentenced Borrero to 210 months' imprisonment. Borrero appealed, and the Eighth Circuit affirmed. *United States v. Borrero*, 240 F. App'x 169 (8th Cir. 2007) (per curiam). Several motions filed by Borrero are now before the Court. In order of their filing, they are: (1) a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (2006) and the amendments to the U.S. Sentencing Guidelines Manual related to crack cocaine; (2) a motion under 28 U.S.C. § 2255 (2006); (3) a motion to disqualify; (4) a motion to dismiss for lack of subject matter jurisdiction; (5) a motion for release on bail pending resolution of his section 2255 motion; (6) a motion for appointment of substitute counsel; (7) a motion for leave to file a reply to the government's response; and (8) a motion to strike the government's response. With the exception of Borrero's motion for leave to file a reply, the Court denies Borrero's motions.

*Motion to disqualify*

A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2006). "The test for recusal is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case.'" *United States v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009) (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc)).

Borrero first argues that the undersigned should recuse because he sued the undersigned. "'A judge is not disqualified by a litigant's suit or threatened suit against him.'" *United States v. Watson*, 1 F.3d 733, 735 (8th Cir. 1993) (per curiam) (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)); *see Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam); *In re Taylor*, 417 F.3d 649, 652-53 (7th Cir. 2005). Thus, the Court rejects this argument for disqualification.

Borrero next argues that the undersigned, having allegedly delayed ruling on his motion under 28 U.S.C. § 2255, should recuse. The Court rejects this argument. *See Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001) (noting no authority for the proposition that the time and manner of a judge's ruling create a reasonable doubt about impartiality, absent other indicia of bias); *Loranger v. Stierheim*, 10 F.3d 776, 780-81 (11th Cir. 1994) (stating that district judge's delay did not require recusal); *Aspinall v. United States*, 984 F.2d 355, 357 (10th Cir. 1993) ("Delays . . . by a judge . . . are not grounds for disqualification.").

Finally, Borrero cites rulings made in pre-trial, trial, and sentencing proceedings to support his motion to disqualify. No reason to recuse appears in the rulings on which Borrero relies. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost

never constitute a valid basis for a bias or partiality motion."). Accordingly, the Court denies Borrero's motion to disqualify.

*Subject matter jurisdiction*

Borrero moves to dismiss the indictment against him on the ground that the Court lacked subject matter jurisdiction over the crime charged in the indictment. This motion has no merit. The Court denies it.

*Substitute counsel*

Borrero seeks the appointment of substitute counsel in connection with his motion for a sentence reduction. In seeking a sentence reduction under section 3582(c)(2), Borrero has neither constitutional nor statutory rights to the appointment of counsel. *See United States v. Harris*, No. 09-1155, 2009 WL 1635755, at *1-2 (8th Cir. June 12, 2009) (per curiam). After Borrero requested substitute counsel, Borrero's attorney submitted a memorandum of law in which the attorney zealously advocated on behalf of Borrero for a sentence reduction. For the reasons stated below, Borrero's motion for a sentence reduction is not well founded. Under these circumstances, the Court declines to appoint substitute counsel. *See Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992).

*Motion for a sentence reduction*

Borrero moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the amendments to the U.S. Sentencing Guidelines Manual related to crack cocaine. Because Borrero was sentenced as a career offender, the amendments to the guidelines related to crack cocaine do not lower Borrero's applicable guideline range. *See United States v. Tolliver*, No. 08-3229, 2009 WL 1919617, at *3-4 (8th Cir. July 7, 2009); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008) (per curiam); *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir.) (per

curiam), *cert. denied*, 129 S. Ct. 473 (2008). Consequently, he is not eligible for a sentence reduction. *See Tolliver*, 2009 WL 1919617, at *4; *Thomas*, 524 F.3d at 890; *Tingle*, 524 F.3d at 840. The Court therefore denies Borrero's motion for a sentence reduction.

*Release pending resolution of section 2255 motion*

Borrero asks to be released on bail pending the ruling on his section 2255 motion. Borrero has demonstrated neither a substantial federal constitutional claim that presents a clear case on the law and facts nor extraordinary circumstances that would warrant his release on bail. The Court therefore denies Borrero's motion for release on bail. *See Martin v. Solem*, 801 F.2d 324, 329-30 (8th Cir. 1986).

*Strike government's response*

Borrero moves to strike the government's response to his section 2255 motion. The Court denies Borrero's motion to strike.

*Leave to file a reply*

Borrero moves for leave to file a reply to the government's response to his section 2255 motion. He filed the reply when he moved for leave to file it. The Court grants Borrero's motion for leave to file a reply.

*Section 2255 motion*

Claiming that he received ineffective assistance of counsel before trial, at trial, at sentencing, and on appeal, Borrero moves to vacate, set aside, or correct his sentence under section 2255. His allegations relate to the assistance provided by several attorneys who represented him at various stages of this case. Shortly after Borrero's first appearance in August 2003, Robert Malone was appointed to represent Borrero. In February 2004, Mr. Malone withdrew, and Borrero retained Patrick Nwaneri. Mr. Nwaneri represented Borrero at the trial in

May 2004. In October 2004, Mr. Nwaneri withdrew. The next month, the Court appointed Hersch Izek to represent Borrero. Mr. Izek's representation of Borrero continued through the second appeal.

"A section 2255 petition can be dismissed without an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory." *Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000). Because the record conclusively shows that Borrero is not entitled to relief, the Court denies the motion without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

"A criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal, as well as at trial." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). To establish his claim of ineffective assistance of counsel, Borrero "must demonstrate (1) that his attorney's performance was deficient and outside the range of reasonable professional assistance, and (2) that he was prejudiced by his counsel's deficient performance to the extent that there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687, 689, 694 (1984)).

Borrero first claims that he received ineffective assistance of counsel before and during trial because his counsel failed to interview and call witnesses. He identifies several individuals but provides no information about most of them. Borrero does state that he gave Mr. Malone a letter written by Tanya Harris and that neither Mr. Malone nor Mr. Nwaneri interviewed Harris or called her to testify. In the letter, she does not claim to have witnessed the narcotics transaction, and her assertions regarding the alleged statements of the confidential informant, who did not testify at trial, are hearsay. *See United States v. Holmes*, 421 F.3d 683, 687-88 (8th

Cir. 2005). Borrero has not demonstrated that there is a reasonable probability that the result of his trial would have differed had his counsel interviewed Harris or called her to testify. Accordingly, the Court concludes that Borrero cannot demonstrate prejudice from his counsel's alleged failure to interview Harris or call her to testify. *See Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994); *cf. Holmes*, 421 F.3d at 687-88.

Borrero also claims that Lisa Smith would have testified that Officer Heather Gustafson, working in uniform, stopped him and Smith in a parking lot in late July 2003. Borrero claims that it would have been impossible for the same officer who had recently stopped him to have purchased crack cocaine from him. Borrero has not demonstrated prejudice from the alleged failure to interview Smith or call her to testify because he has not provided an affidavit from Smith to support his argument, *see Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989), and because Officer Gustafson admitted during cross-examination that she and other officers, working in uniform, had encountered Borrero and a woman in a parking lot a few days before Officer Gustafson, working undercover, bought crack cocaine from Borrero.

Borrero also claims that he received ineffective assistance of counsel at trial because his counsel failed to present any evidence of "credible defenses" and because his counsel failed to move for a judgment of acquittal. With regard to the alleged failure to present evidence of credible defenses, the Court rejects the claim because it is conclusory. *See Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). With regard to the alleged failure to move for a judgment of acquittal, the record does not support the claim. Borrero's counsel moved for a judgment of acquittal.

Borrero makes several claims of ineffective assistance of counsel at sentencing. He maintains that his counsel was ineffective in failing to challenge his designation as a career

6

offender, failing to argue that his sentence violated the Double Jeopardy Clause, and failing to argue that a jury should have determined whether he had been previously convicted. As these arguments have no merit, Borrero's counsel was not ineffective in failing to make them. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994). First, Borrero was properly designated a career offender. He was more than 18 years old at the time of the instant offense, the instant offense is a felony that is a controlled substance offense, and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. As a career offender, his criminal history category is Category VI. Next, the Eighth Circuit has previously rejected as without merit a challenge to the career offender portion of the guidelines based on double jeopardy. *United States v. Thompson*, 972 F.2d 201, 204 n.3 (8th Cir. 1992). Finally, "[t]he fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt." *United States v. Camp*, 410 F.3d 1042, 1047 (8th Cir. 2005); *see United States v. Sohn*, 567 F.3d 392, 393-94 (8th Cir. 2009).

Borrero also claims that he received ineffective assistance of counsel at sentencing because his counsel failed to adequately prepare for sentencing and failed to adequately prepare Borrero for sentencing. The Court rejects this conclusory claim.

Next, Borrero claims that he received ineffective assistance of counsel on appeal because his counsel failed to raise "meritorious issues" to challenge his conviction. Borrero has not identified what issues counsel should have raised. Nor has he demonstrated a reasonable probability that the result of his appeal would have differed had counsel raised them. Accordingly, the Court rejects this claim. *See United States v. Brown*, 528 F.3d 1030, 1033-34 (8th Cir.), *cert. denied*, 129 S. Ct. 331 (2008); *Garrett v. United States*, 78 F.3d 1296, 1306 (8th Cir. 1996).

Finally, Borrero maintains that he received ineffective assistance of counsel on appeal because his attorney failed to argue that the government had not disclosed the identity of the confidential informant, *see Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *United States v. Sanchez*, 429 F.3d 753, 756 (8th Cir. 2005), and "rough notes." The record does not support Borrero's claim. The government disclosed the confidential informant's identity, and the government produced discovery under the Jencks Act. *See United States v. Bolden*, 545 F.3d 609, 622-24 (8th Cir. 2008). Accordingly, the Court rejects this claim of ineffective assistance of counsel on appeal. In the alternative, Borrero argues that he received ineffective assistance of counsel at trial because his counsel failed to investigate or interview the confidential informant. Borrero has not demonstrated any prejudice from his counsel's alleged failure to investigate or interview the confidential informant. *See Kramer*, 21 F.3d at 309. The Court therefore rejects this claim.

*Certificate of appealability*

An appeal cannot be taken from a final order denying a motion under section 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Borrero has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong. The Court therefore declines to grant him a certificate of appealability.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Borrero's motion to disqualify [Docket No. 138] is DENIED.

2. Borrero's motion to dismiss for lack of subject matter jurisdiction [Docket No. 139] is DENIED.

3. Borrero's motion for appointment of substitute counsel [Docket No. 143] is DENIED.

4. Borrero's motion for sentence reduction [Docket No. 126] is DENIED.

5. Borrero's motion for release on bail [Docket No. 142] is DENIED.

6. Borrero's motion to strike the government's response [Docket No. 154] is DENIED.

7. Borrero's motion for leave to file a reply [Docket No. 152] is GRANTED.

8. Borrero's section 2255 motion [Docket No. 133] is DENIED.

9. A certificate of appealability shall not issue.

Dated: July 8, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge