UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Lazaro Despaigne Borrero,

        Defendant.

Criminal No. 03-281 (JNE/JGL)
Civil No. 08-1160 (JNE)
ORDER

      A jury found Lazaro Despaigne Borrero guilty of possessing cocaine base (crack) with intent to distribute, and the Court sentenced him to 262 months' imprisonment. Borrero appealed, and the Eighth Circuit remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Borrero*, 149 F. App'x 573 (8th Cir. 2005) (per curiam). On remand, the Court sentenced Borrero to 210 months' imprisonment. Borrero appealed, and the Eighth Circuit affirmed. *United States v. Borrero*, 240 F. App'x 169 (8th Cir. 2007) (per curiam). On July 8, 2009, the Court issued an order denying several pro se motions filed by Defendant, including a motion for a reduction of sentence, a motion under 28 U.S.C. § 2255, a motion to disqualify, a motion to dismiss for lack of subject matter jurisdiction, a motion for release on bail pending resolution of the § 2255 motion, and a motion for appointment of substitute counsel.

      On July 20, 2009, Defendant filed a pro se Motion for Reconsideration or in the Alternative Alter or Amend a Judgment, pursuant to Federal Rule of Civil Procedure 59(e). On July 27, 2009, before the Court could issue a ruling on the motion for reconsideration, Defendant filed a notice of appeal. On August 27, 2009, Defendant filed a second pro se Motion for Reconsideration of Judgment or in the Alternative Correction of the Record and Judgment. On December 15, 2009, the Eighth Circuit Court of Appeals summarily affirmed this Court's July 8,

1

2009, Order denying Defendant's § 2255 motion, and it declined to issue a certificate of appealability. On August 10, 2010, Defendant filed a third motion, styled a Rule 60(b) Motion for Relief from Judgment Denying § 2255 Habeas Corpus Relief.

The motions filed on July 20, 2009, and August 27, 2009, were filed before the mandate from the Eighth Circuit was issued. The Court denies those motions because they were subsumed in the matter determined by the Court of Appeals.

In the August 10, 2010, motion, Defendant attempts to raise another collateral attack on his sentence. Defendant argues that his sentence is no longer equitable in light of *Spears v. United States*, 129 S. Ct. 840 (2009), and *Kimbrough v. United States*, 552 U.S. 85 (2007). He reasons that those cases (which stand for the proposition that a sentencing court may categorically reject the Guidelines' crack-to-powder cocaine ratio based on the court's policy view that the ratio is unjustified) have effected a "significant change in . . . law" such that relief under Rule 60(b)(5) is warranted.

Under § 2255(h), a second or successive § 2255 motion may not be entertained by a district court unless the defendant has obtained approval from the Court of Appeals. 28 U.S.C. § 2255(h) (2006). The Eighth Circuit has repeatedly held that a defendant may not avoid this restriction by couching a second or successive motion as a Rule 60(b) motion. *See Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002); *United States v. Echols*, 241 F. App'x 355 (8th Cir. 2007); *United States v. Washington*, 211 F. App'x 550 (8th Cir. 2007); *United States v. Matlock*, 107 F. App'x 697 (8th Cir. 2004); *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996); *Bolder v. Armontrout*, 983 F.2d 98, 99 (8th Cir. 1992); *Blair v. Armontrout*, 976 F.2d 1130, 1134 (8th Cir. 1992). A Rule 60(b) motion should be treated as a second or successive § 2255 motion if it "raise[s] issues . . . which [were] raised in [a] first section 2255 motion or which . . . could have

[been] raised in that motion." *Matlock*, 107 F. App'x at 698.

Here, Defendant has not identified an alleged error of fact or law in the Court's Order denying his first § 2255 motion. Instead, he argues that relief is justified based on *Kimbrough* and *Spears*. The motion therefore raises a new legal argument that could have been raised in his first § 2255 motion.[1] Defendant, in fact, raised this argument when asking the Eighth Circuit for a certificate of appealability regarding the Court's Order denying his first § 2255 motion. (Appl. for Certificate of Appealability 23, Dec. 15, 2009.) Because Defendant's purported Rule 60(b) motion is a new collateral attack on his sentence, it must be treated as a second § 2255 motion. Defendant has not yet obtained certification from the Eighth Circuit Court of Appeals, so the Court cannot consider the motion. *See* § 2255(h).

Having found that Defendant's August 10, 2010, motion is a second § 2255 motion, the Court may "dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814. Because the Court considers certification by the Eighth Circuit to be unlikely, it dismisses the motion.

Because the Court has determined Defendant's motion to be a second § 2255 motion, it must also decide whether a certificate of appealability should issue. An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a

---

[1] One of the cases on which Defendant relies, *Spears*, 129 S. Ct. 840, was decided after his § 2255 motion was filed. But *Spears* clarified *Kimbrough* (a case which was decided well before his § 2255 motion was filed) by emphasizing that a sentencing court may reject the Guidelines' crack-to-powder ratio as a matter of policy. Accordingly, Defendant could have raised this argument in his § 2255 motion.

3

constitutional right." § 2255(c)(2). This requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Defendant has made no such demonstration. Therefore, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Borrero's July 20, 2009, motion for reconsideration [Docket No. 157] is DENIED.
2. Borrero's August 27, 2009, motion for reconsideration [Docket No. 162] is DENIED.
3. Borrero's August 10, 2010, motion for relief from judgment [Docket No. 165] is DISMISSED.
4. Defendant is not entitled to a certificate of appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 5, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge