**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Crim. No. 03-281 (JNE) |
| Plaintiff, | |
| v. | **ORDER** |
| Lazaro Despaigne Borrero, | |
| Defendant. | |

This matter is before the Court pursuant to Defendant's self-styled post-conviction motion entitled "Defendant's Motion For Relief From This Court's Judgment Or Order Denying His Motion To Dismiss Count 1 Of The Indictment For Lack Of Subject-Matter Jurisdiction And Pro Se Motion To Stay Execution Of Sentence, Or In The Alternative, Correction Of The Record And Judgment, Due To Fraud Upon The Court, Mistake, Inadvertence, Surprise, Or Excusable Neglect." (Docket No. 184.)  This motion is brought under Fed. R. Civ. P. 60(b), and purportedly seeks to correct an error in the Court's last order in this case.  (See Order dated April 27, 2011; [Docket No. 183].)  In fact, however, the current motion is just the latest installment in a seemingly endless series of frivolous challenges to Defendant's conviction and sentence in this matter.

To the extent that Defendant is attempting to bring new challenges to his conviction and sentence, the present Rule 60(b) motion must be viewed as a second or successive motion for relief under 28 U.S.C. § 2255, which cannot be entertained without a § 2255(h) pre-authorization order from the Eighth Circuit Court of Appeals.  United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.), cert. denied, 545 U.S. 1135 (2005); Boyd v. United States, 304 F.3d 813 (8th Cir. 2002) (per curiam), cert. denied, 538 U.S. 953 (2003); United States v. Echols, 241 Fed.Appx. 355 (8th Cir. 2007) (unpublished opinion); United States v. Washington, 211 Fed.Appx. 550 (8th Cir. 2007) (unpublished

opinion); United States v. Matlock, 107 Fed.Appx. 697 (8th Cir. 2004) (unpublished opinion);

Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996), cert. denied, 521 U.S. 1123 (1997).

Defendant's current motion is not accompanied by a § 2255(h) pre-authorization order from the

Court of Appeals that would allow this Court to review new post-conviction challenges to the

original judgment of conviction.  Therefore, to the extent that the current motion presents new post-

conviction challenges to the original judgment, the motion must be denied.  Boyd, 304 F.3d at 814.[1]

To the extent that Defendant is attempting to re-litigate his previous post-conviction claims,

his current arguments are unavailing.  The Court has carefully considered all of the claims for relief

that Defendant has presented in his past applications for post-conviction relief, and all of those

claims have been found to be unsustainable.  Defendant has shown no valid reason to modify any

of the previous adjudications of his post conviction claims.[1]

---

[1]  Boyd says that the Court could transfer the current motion to the Court of Appeals, (rather than denying it), so the Court of Appeals could determine whether a pre-authorization order is warranted.  However, the transfer option will not be exercised here, because Defendant's current motion offers no grounds for granting him a pre-authorization order.  If Defendant believes that he should be allowed to file a second or successive § 2255 motion, it would be in his best interests to seek such permission by filing a separate (properly supported) application directly to the Eighth Circuit Court of Appeals, as contemplated by 28 U.S.C. § 2244(b)(3) and 8th Cir. R. 22B.

[2]  For the record, the Court finds that the arguments advanced in Defendant's current motion are plainly frivolous.  Defendant contends that his conviction and sentence should be vacated, because the Court lacked subject matter jurisdiction in this case.  That is simply ludicrous.  Indeed, it is hard to imagine how Defendant could have devised a weaker challenge to his conviction and sentence. Defendant was charged with violating the United States criminal code, (specifically §§ 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)), and the federal district courts have jurisdiction over all such matters.  18 U.S.C. § 3231 clearly provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  As the Eighth Circuit Court of Appeals has succinctly stated:  "'Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231... [t]hat's the beginning and the end of the 'jurisdictional' inquiry.'"  United States v. White Horse, 316 F.3d 769, 772 (8th Cir.), cert. denied, 540 U.S. 844 (2003), quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999).

The Court notes that Defendant has now filed at least twenty motions since he was re-sentenced in this matter in February 2006.  Over time, Defendant's submissions have become increasingly specious, redundant and abusive.  Prisoners do, of course, have a right of access to the courts.  That right, however, does not guaranty prisoners, (or anyone else), an unrestricted opportunity to file frivolous, redundant or abusive documents.  See In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.), cert. denied, 450 U.S. 985 (1981)).  "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Tyler, 839 F.2d at 1292.  Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources."  Id.  A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process."  Id. at 1292, 1293.

In light of Defendant's extensive record of frivolous filings in this matter, the Court finds that it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions by Defendant.  Therefore, any written materials hereafter received from Defendant shall be presented to this Court without being filed.  The Clerk of Court shall not file, or respond to, any future submissions from Defendant, except as directed by the Court.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1.  "Defendant's Motion For Relief From This Court's Judgment Or Order Denying His

Motion To Dismiss Count 1 Of The Indictment For Lack Of Subject-Matter Jurisdiction And Pro Se Motion To Stay Execution Of Sentence, Or In The Alternative, Correction Of The Record And Judgment, Due To Fraud Upon The Court, Mistake, Inadvertence, Surprise, Or Excusable Neglect," (Docket No. 184), is DENIED.

2.  The Clerk of Court shall not file, or respond to, any submission received from Lazaro Despaigne Borrero, except as expressly directed by the Court.

Dated: May <u>16</u>, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Court Judge
