UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.                                                      No. 03-cr-281 (JNE)
                                                        ORDER

Lazaro Despaigne Borrero,

        Defendant.

---

In 2004, Defendant Lazaro Despaigne Borrero was convicted by a jury of possessing with

intent to distribute crack cocaine.  At sentencing, the Court determined that Borrero is a career

offender under § 4B1.1 of the United States Sentencing Guidelines, calculated his guidelines

range at 262-327 months imprisonment, and sentenced him to 262 months imprisonment.

Borrero appealed.  After the Supreme Court subsequently decided in *United States v. Booker*,

543 U.S. 220 (2005) that the Sentencing Guidelines are advisory, the Eighth Circuit Court of

Appeals remanded the case for resentencing.  On remand, the Court varied downward and

resentenced Borrero to 210 months imprisonment.  Borrero again appealed, and the Eighth

Circuit affirmed.

The case is currently before the Court on Borrero's pro se[1] motion for a sentence

reduction based on Amendment 782 of the Sentencing Guidelines.  The motion must be denied.

A district court has the authority to reduce a previously-imposed term of imprisonment only

---

[1]    The Court previously appointed the Office of the Federal Defender to represent Borrero
in this matter.  Order of Dec. 1, 2014, ECF No. 207.  However, upon reviewing the case,
Borrero's appointed counsel informed the Court that the office would be taking no action.
Motion to Withdraw, ECF No. 209.  The Court granted defense counsel's motion to withdraw,
Order of Jan. 16, 2015, ECF No. 210, and Borrero subsequently filed the motion that is now
under consideration pro se.

where that sentence was "based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission [and] such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Amendment 782 . . . lower[ed] the base offense level for most drug quantity offenses under § 2D1.1," but it "did not lower the sentencing range established for a career offender by § 4B1.1." *United States v. Thomas*, 775 F.3d 982, 982-83 (8th Cir. 2014). Because Borrero was sentenced based upon a career offender guideline range, Amendment 782 is of no benefit to him.

Borrero attempts to avoid this conclusion in several ways, but none are convincing. First, he asserts that he was erroneously designated as a career offender under § 4B1.1. Borrero, however, did not raise that issue in either of his direct appeals. And, when he argued on a motion to vacate his sentence under 28 U.S.C. § 2255 that his counsel had been ineffective by failing to do so, the Court rejected the claim because "Borrero was properly designated a career offender." Order of July 8, 2009 at 6-7, ECF No. 155. The Eighth Circuit subsequently summarily affirmed the Court's denial of Borrero's § 2255 motion. Judgment of Dec. 15, 2009, ECF No. 163. The issue of Borrero's status as a career offender is thus closed and will not be considered again here.

Second, Borrero argues that he was not sentenced based upon a career offender guideline range because, on remand after *Booker*, the Court imposed a sentence below the advisory range of 262-327 months calculated under § 4B1.1. This is unavailing. "[T]he 'applicable guideline range' that must be lowered for a defendant to be eligible for a sentence reduction is the range relied on by the district court 'before consideration of any departure provision . . . or any variance.'" *United States v. Jenkins*, 493 F. App'x 833, 834 (8th Cir. 2012) (unpublished) (quoting U.S.S.G. § 1B1.10 at cmt. n. 1(A)). What's more, the Eighth Circuit recently applied

this principle in rejecting a sentence reduction based on Amendment 782 for a defendant who, like Borrero, had been convicted of a crack cocaine offense, was determined to be a career offender under § 4B1.1, and was ultimately sentenced to a below-guidelines term of imprisonment. *Thomas*, 775 F.3d at 982-83 (affirming the denial of motion for reduced sentence because the "applicable guidelines range" of a career offender who had been "granted a downward departure or variance" was "unaffected by Amendment 782").

Third, Borrero contends that the ineligibility of career offenders for sentence reductions under Amendment 782 amounts to a violation of the Equal Protection Clause. The argument fails. As a career offender, Borrero is not similarly situated to the non-career offenders who may be positioned to benefit from Amendment 782. *See, e.g., United States v. Rodriquez*, 553 U.S. 377, 385-86 (2008) (explaining that "when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history . . . [t]he sentence is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one") (internal quotation and punctuation omitted). The exclusion of career offenders from those benefits is an application of the "legitimate sentencing principle" that "greater punishment" may be imposed "based on the nature of the crime and on the recidivist nature of the perpetrator." *United States v. Hayden*, 898 F.2d 966, 967 (5th Cir. 1990) (citing *Solem v. Helm*, 463 U.S. 277 (1983). *See Thomas*, 775 F.3d at 983 (noting that "[t]he Commission made clear. . . in its commentary explaining Amendment 782 [that] 'guideline enhancements for . . . career offenders, ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences'") (quoting U.S.S.G. Supp.App. C, at 74 (2014)).

3

Finally, Borrero argues that his sentence should be reduced because the Fair Sentencing Act of 2010 altered the regime governing mandatory minimum sentences for crack cocaine offenses, which would, if he were sentenced today, result in a lower career offender guideline range under § 4B1.1.  Borrero, though, committed his offense in 2003, and he was sentenced, after remand, in 2007.  "[T]he Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under section 3582(c)(2)." *United States v. Reeves,* 717 F.3d 647, 651 (8th Cir. 2013).  *See also United States v. Orr*, 636 F.3d 944, 957-58 (8th Cir. 2011) (Fair Sentencing Act not retroactive).

Borrero's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is therefore denied.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  Defendant's Motion to Reduce Sentence [ECF No. 211] is DENIED.

Dated: May 21, 2015                                 s/Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge